16-2372-cr
United States v. Fraynid

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of June, two thousand seventeen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                      *Circuit Judges*,
             BRIAN M. COGAN,[1]
                      *District Judge*.

UNITED STATES OF AMERICA,

                      *Appellee*,

          v.                                                    16-2372-cr

SHAMIK FRAYNID, AKA SHAMIK T. FRAYIND,

                      *Defendant-Appellant*.

Appearing for Appellant:     Colleen P. Cassidy, Assistant Federal Public Defender, Federal
                             Defenders of New York, Inc., New York, NY.

Appearing for Appellee:      J. Matthew Haggans, Assistant United States Attorney (Susan
                             Corkery, Assistant United States Attorney, *on the brief*), *for*

---

[1] Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

Bridget M. Rhode, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant Shamik Fraynid appeals from the June 28, 2016 judgment of conviction entered by the United States District Court for the Eastern District of New York (Ross, *J.*). Fraynid was convicted, after a jury trial, of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846, distribution of marijuana in violation of 21 U.S.C. § 841, and unlawful use of a firearm during those offenses in violation of 18 U.S.C. § 924(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The only issue raised in this appeal is whether the evidence was sufficient to permit Fraynid's conviction under 18 U.S.C. § 924(c)(1)(A) for possession of a firearm during the course of a marijuana sale. "A defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Lisyansky*, 806 F.3d 706, 710 (2d Cir. 2015) (brackets omitted). "A jury verdict must be upheld if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011)). "In considering the sufficiency of the evidence supporting a guilty verdict, the evidence must be viewed in the light most favorable to the Government." *Id.*

A defendant violates 18 U.S.C. 924(c) when he "possesses a firearm" "in furtherance of" a drug trafficking crime. To demonstrate that the firearm was possessed "in furtherance" of a drug trafficking crime, "the government must establish the existence of a specific 'nexus' between the charged firearm and the charged drug selling operation." *United States v. Snow*, 462 F.3d 55, 62 (2d Cir. 2006) (quoting *United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001)). Although the government may not show a "nexus" by demonstrating "a drug dealer's innocent possession of a firearm"—for example, a locked weapon intended for hunting or target practice—"a drug dealer may be punished under § 924(c)(1)(A) where the charged weapon is readily accessible to protect drugs, drug proceeds, or the drug dealer himself." *Id.* at 62–63 (internal quotation marks omitted). "Undoubtedly, this is a very fact-intensive question requiring a careful examination of, among other things, where the gun was located and what else was found [in the relevant location], and thus well-suited to resolution by a jury." *Id.* at 63 (internal quotation marks omitted).

In this case, Fraynid had a pistol in his back pocket while he coordinated a drug sale, accepted money in exchange for drugs, and witnessed another man giving drugs to a buyer. He stated to police that he was carrying the weapon because he had a "beef" with someone and needed it for his protection. App'x at 35. Moreover, an officer testified that Fraynid reached "towards his back pocket" before he was disarmed, *id.* at 33, and suggested that Fraynid may have been attempting to use the weapon against the officers who were placing him under arrest.

2

Inasmuch as the gun was kept on Fraynid's person during the drug crimes, he certainly "possessed" it within the meaning of Section 924(c). A reasonable jury could have found that Fraynid possessed the weapon "in furtherance" of a drug crime, as it was "readily accessible to protect . . . drug proceeds[] or the drug dealer himself," *Snow*, 462 F.3d at 63. This is particularly true because Fraynid possessed it when he accepted monetary proceeds from the sale, told police that he was carrying the weapon for protection, and may have tried to use it against the officers arresting him for a drug offense.

In past cases, we have affirmed convictions where weapons were found alongside drug paraphernalia or in the same room as a drug sale. *See Snow*, 462 F.3d at 63 (affirming conviction where illegally possessed handguns were found in proximity to drug paraphernalia, money, and trace amounts of crack cocaine); *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005) (affirming conviction where "the gun," which was of a dangerous nature not suited to innocent activities, "was stored within feet of [defendant's] drug stash and within [defendant's] reach"); *Finley*, 245 F.3d at 202-03 (affirming conviction where unloaded shotgun was stored under pile of clothes in room from which drugs were sold). Possession of the weapon on a drug seller's person, in circumstances suggesting that the possession was not innocent, permits no less an inference that the weapon furthered the drug transaction. Fraynid's statement that he possessed the gun for personal protection does not cast any doubt on the jury's verdict because protecting oneself with a weapon during drug crimes violates Section 924(c), and, what is more, "a gun may be possessed for multiple purposes," which means "possession for personal protection does not preclude possession in furtherance of a drug trafficking offense." *Lewter*, 402 F.3d at 323. Thus, Fraynid's argument that he had the gun for personal protection is not inconsistent with a simultaneous intention to further a drug crime, an inference that a reasonable jury certainly could have drawn.

We have considered the remainder of Fraynid's arguments and determine them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3