23-6905-cr
*United States v. Bracy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand and twenty-four.

PRESENT:   José A. Cabranes,
            Richard C. Wesley,
            Steven J. Menashi,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

            *Appellee,*

        v.                                                      No. 23-6905-cr

DASHAUN BRACY,

            *Defendant-Appellant.*

_____

*For Appellee*:   Jo Ann M. Navickas, Michael W. Gibaldi, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

*For Defendant-Appellant*:   Steven L. Brounstein, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

A jury convicted Defendant-Appellant DaShaun Bracy of conspiracy to distribute and to possess with intent to distribute a controlled substance; using, carrying, and possessing a firearm during and in relation to a drug trafficking crime and brandishing and discharging the firearm; and possessing a firearm and ammunition as a prohibited person. *See* 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. §§ 924(c)(1)(A), 922(g)(1). At trial, the government presented evidence showing that Bracy sold MDMA, a controlled substance, and shot his wholesale supplier after the two met for a final deal. The district court sentenced Bracy to 162 months in prison along with five years of supervised release. On appeal, Bracy argues that

the evidence does not support his conviction for using a weapon during a drug trafficking crime, that the district court abused its discretion by admitting into evidence several messages sent by Bracy, and that the government failed to bring these charges within the time required by the statute of limitations. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I**

Bracy argues that the evidence does not support the jury's verdict that he used, carried, and possessed a gun in connection with the drug conspiracy. *See* 18 U.S.C. § 924(c)(1)(A). We disagree. When considering a defendant's challenge to the sufficiency of the evidence, we must give a "high degree of deference" to a jury verdict. *United States v. Landesman*, 17 F.4th 298, 320 (2d Cir. 2021) (quoting *United States v. Anderson*, 747 F.3d 51, 72 (2d Cir. 2014)). We "view[] the evidence in the light most favorable to the prosecution" and ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see United States v. Jimenez*, 96 F.4th 317, 324 (2d Cir. 2024).

Section 924(c) imposes a minimum sentence of five years on "any person who, during and in relation to any … drug trafficking crime … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The minimum sentence increases to ten years if the firearm "is discharged." *Id.* § 924(c)(1)(A)(iii). To use or to carry a firearm "in relation to" a drug trafficking crime, the gun must "have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 237-38 (1993). The gun "must facilitate, or have the potential of facilitating, the drug trafficking offense." *Id.* at 238 (internal quotation marks and alterations omitted). Similarly, to show that gun possession was "in furtherance of" the offense, the government must "establish the existence of a specific 'nexus' between the charged firearm and the charged drug selling operation." *United States v. Snow*, 462 F.3d 55, 62 (2d Cir. 2006). We ask whether the gun "afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." *Id.* (quoting *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005)).

The evidence in this case supports the jury's verdict. Text messages between Bracy and his wholesale supplier show that the two arranged a drug deal on

4

October 30, 2015. A video from a surveillance camera shows a man arriving at the supplier's home minutes later. The man approached the supplier, exchanged something with him, and walked back to his car. Around two minutes later, the man reapproached the supplier, pulled a gun from his waist, and shot the supplier. At the hospital hours later, the supplier named Bracy as the shooter and identified him from a photo array. From this evidence, the jury could reasonably find that Bracy carried the gun "in relation to" a drug conspiracy because he brought the gun to a drug deal and kept it in his waistband. *See United States v. Pavlotskiy*, 47 F. App'x 590, 593 (2d Cir. 2002) (holding that the evidence supported conviction because the gun was in the defendant's car after "he had just finished one drug transaction … and was driving to undertake another"). Bracy also possessed the gun "in furtherance of" the conspiracy: by bringing the gun to a drug deal, a reasonable juror could conclude that it was "readily accessible to protect drugs, drug proceeds, or [Bracy] himself." *Snow*, 462 F.3d at 62-63; *see United States v. Fraynid*, 692 F. App'x 659, 660 (2d Cir. 2017) (finding the evidence sufficient because the defendant "possessed [a pistol] when he accepted monetary proceeds from the [drug] sale").

Bracy maintains that the government failed to offer evidence linking the shooting to the drug conspiracy. If anything, he argues, shooting his supplier would end the conspiracy, not further it. But the government did not need to show that Bracy fired the gun "in relation to" or "in furtherance of" the conspiracy. Section 924(c)(1)(A) imposes a mandatory five-year sentence on anyone who uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, a drug trafficking crime. The penalty increases if the firearm "is brandished" or "is discharged." 18 U.S.C. § 924(c)(1)(A)(ii), (iii). As the Supreme Court has explained, these "verbs—'is brandished' and 'is discharged'—appear in separate subsections and are in a different voice than the verbs in the principal paragraph. There is no basis for reading 'in relation to' to extend all the way down to modify 'is discharged.'" *Dean v. United States*, 556 U.S. 568, 573 (2009). Once the government showed that Bracy used, carried, or possessed the firearm in connection with the drug conspiracy, it needed to prove only that the gun was discharged—not that the discharge necessarily furthered the conspiracy. The government met that burden: Bracy discharged the gun when he shot his supplier.

## II

Bracy also challenges the decision of the district court to admit into evidence several social media messages from Bracy's accounts. Among other things, Bracy told various people in those messages that he wanted his supplier "to take the stand and say I ain't do it," J. App'x 272, that he needs him "to shut his lips," *id.* at 273, that he wanted him "to help me out," *id.* at 267, and that "I think XYZ going to do [a] bad thing" because "[h]e been doing it since 2014," *id.* at 441. The district court gave the jury a limiting instruction that these messages were to be considered as potentially showing "consciousness of guilt." *Id.* at 273-74, 444.

A district court may admit "[e]vidence demonstrating a defendant's consciousness of guilt" so long as the "evidence is more probative than prejudicial under" Rule 403. *United States v. Bein*, 728 F.2d 107, 114 (2d Cir. 1984). Such evidence includes "attempted witness or jury tampering," *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004), or "[e]vidence of threats by a defendant against a potential witness against him," *Bein*, 728 F.2d at 114. Under Rule 403, "[t]he court may exclude [this] evidence if its probative value is substantially outweighed by a danger of … unfair prejudice." Fed. R. Evid. 403. But if the evidence survives the balancing under Rule 403, it is admissible if accompanied by "an appropriate

7

instruction to the jury" when requested. *Perez*, 387 F.3d at 209. When reviewing the ruling of a district court under Rule 403, "we generally maximize the evidence's probative value and minimize its prejudicial value." *United States v. Monsalvatge*, 850 F.3d 483, 494 (2d Cir. 2017) (internal quotation marks and alterations omitted).

Even if the district court erred by admitting these messages, any errors were harmless. *See United States v. Yousef*, 327 F.3d 56, 121 (2d Cir. 2003). At trial, the government presented text messages, phone calls, video surveillance footage, and testimony from multiple witnesses showing that Bracy routinely bought and then resold drugs with his wholesale supplier, and at a final deal between the two, Bracy pulled out a gun and shot the man twice. The parties stipulated that Bracy had been—and knew that he had been—convicted of a felony at the time of the shooting. That evidence more than sufficed to convict Bracy of a drug conspiracy; using, carrying, and possessing a firearm in connection with that conspiracy and discharging that firearm; and possessing a firearm and ammunition as a prohibited person. Any prejudicial effect of the messages suggesting Bracy wanted to influence his supplier's testimony was minimal—especially because Bracy did not indicate that he intended to do so violently. *See Perez*, 387 F.3d at 210 ("[S]ince

8

the attempted coercion of the witness was nonviolent, it was no more sensational than the other evidence of the alleged narcotics crimes."); *cf. United States v. Morgan*, 786 F.3d 227, 234 (2d Cir. 2015) (holding the admission of death threat evidence was not harmless because the "evidence at trial was not … overwhelming" and the evidence of witness tampering "was highly charged" and "inflammatory").

**III**

Finally, Bracy argues that the government failed to bring the drug trafficking and § 924(c) charges within the time required by the statute of limitations. Under 18 U.S.C. § 3282(a), the government had five years to initiate charges. That period "normally begin[s] to run when the crime is complete." *United States v. Eppolito*, 543 F.3d 25, 46 (2d Cir. 2008) (quoting *Toussie v. United States*, 397 U.S. 112, 115 (1970)). For a conspiracy charge, the offense "is not complete until the purposes of the conspiracy have been accomplished or abandoned, and the government need only prove that the conspiracy continued to within five years of the indictment." *United States v. Rastelli*, 870 F.2d 822, 838 (2d Cir. 1989).

The government charged Bracy on October 28, 2020. Yet the drug conspiracy continued until October 30, 2015, the date of the last drug deal when Bracy shot his supplier. This last act of the conspiracy and the conduct underlying the § 924(c) charge occurred less than five years before the indictment, and the prosecution was therefore timely.

\* \* \*

We have considered Bracy's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10